# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Kristie G. Painter, ) | |
| ) | Civil Action No.: 5:17-cv-02610-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on February 1, 2019 (ECF No. 19). The Report addresses Plaintiff Kristie G. Painter's claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 19 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 19 at 1–13.) As background, Plaintiff filed an application for DIB under Title II of the Social Security Act on February 18, 2014, which was denied initially and upon reconsideration. (*Id.* at 1.) After administrative hearings on March 22, 2016, and July 11, 2016, an Administrative Law Judge ("ALJ") issued an unfavorable decision against Plaintiff on September 22, 2016. (*Id.* at 1–2.) The ALJ determined that Plaintiff did not have "an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed impairments in . . . 20 C.F.R. [§] 404.1525(d), 404.1525 and 404.1526." (ECF

No. 6-2 at 16.) Additionally, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to "lift and carry 20 pounds occasionally and 10 pounds frequently"; "stand for six hours, walk for four hours, and sit up to six hours in an eight-hour workday"; "use . . . the upper extremities to perform push or pull operations . . . frequently, bilaterally"; and "use . . . the lower extremities to operate foot controls . . . occasionally, bilaterally." (*Id.* at 18.) The ALJ further found Plaintiff "cannot climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. . . . [and] balance frequently [and] stoop occasionally." (*Id.*) The ALJ determined Plaintiff can "never crouch, kneel, or crawl," "should avoid all excessive vibration," and " must avoid all exposure to hazards, such as the use of moving machinery and exposure to unprotected heights." (*Id.*) Finally, "[f]rom a non-exertional standpoint," the ALJ determined that Plaintiff's

> work is limited to simple, routine tasks free of fast-paced production requirements. The work can involve only simple work-related decision[s] with few changes, if any[,] in the workplace. If there are changes, they should be introduced gradually. She can have occasional interaction with the public. [Plaintiff] can be around coworkers during the day with occasional interaction with coworkers.

(*Id.*) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [Plaintiff could] perform." (*Id.* at 27.) On this basis, the ALJ denied SSI to Plaintiff because she was not disabled for purposes of the Social Security Act. (*Id.* at 28.)

Plaintiff requested review of the ALJ's decision by the Appeals Council ("the Council"), which the Council denied on February 20, 2018. (*Id.* at 74.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005)

(holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision).

Plaintiff filed the instant action on September 27, 2017, seeking judicial review of the Commissioner's final decision. (ECF No. 1.) To this court, Plaintiff asserted four errors by the ALJ. First, Plaintiff contends "[t]he ALJ committed reversible error by failing to hold a supplemental hearing as requested" after "Dr. Kwock admitted on the record that he had not reviewed whether Plaintiff met Listing 1.04A, which covers disorders of the spine,[1] in conjunction with AR 15-1(4)[2] and controlling . . . precedent [from the United States Court of Appeals for the Fourth Circuit]." (ECF No. 11 at 4.) Plaintiff asserts that under the Social Security Administration's ("SSA") Hearings, Appeals, and Litigation Law Manual ("HALLEX"),

> the ALJ may supplement the hearing record with additional oral testimony, a deposition, or additional documentary evidence if testimony at a hearing leaves unanswered questions. HALLEX I-2-6-80. The HALLEX goes on to state that a continuance or supplemental hearing is appropriate when certain testimony or a document adduced at the hearing has taken the claimant by surprise, is adverse to the claimant's interest, and presents evidence that the claimant could not reasonably have anticipated and to which the claimant is not prepared to respond. *Id.*

(*Id.*) Additionally, Plaintiff also asserts the ALJ's decision failed to address Plaintiff's request for a supplemental hearing. (*Id.* at 4–5.)

Next, Plaintiff argues the ALJ erred by failing to determine that Plaintiff met Listing 1.04A. (*Id.* at 5.) According to Plaintiff, the ALJ found Plaintiff did not meet Listing 1.04A because

---

[1] Listing 1.04A "describes the criteria a claimant must meet or equal to merit a conclusive presumption of disability arising out of compromise of a nerve root or the spinal cord . . . ." *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).
[2] "AR" stands for "Social Security Acquiescence Ruling," and AR15-1(4), "which is applicable to states in the Fourth Circuit," sets forth a two-step test for application of Listing 1.04A. *Keith v. Comm'r of Soc. Sec.*, No. 4:17-CV-81-D, 2018 WL 2145864, at *6 (E.D.N.C. Apr. 16, 2018), *report and recommendation adopted sub nom.*, *Keith v. Berryhill*, No. 4:17-CV-81-D, 2018 WL 2144352 (E.D.N.C. May 9, 2018).

3

"Plaintiff does not have nerve root compression, motor loss accompanied by sensory or reflex loss, and positive [straight leg raise ("SLR")] testing (sitting and supine)." (*Id.* at 6.) The ALJ made this determination in reliance on the opinion of Dr. Kwock, who "admitted on the record that he did not conduct his analysis using the appropriate AR and controlling case law." (*Id.*) Prior to issuing his decision, the ALJ asked Plaintiff "to research whether radiculopathy equated to nerve root compression" and "reach out to [her] surgeon to offer some clarity on whether he performed his SLR testing on Plaintiff in sitting and/or supine positions." (*Id.* at 6, 8.) Plaintiff asserted that "[i]n a brief submitted to the ALJ on August 9, 2016, [Plaintiff] offered evidence that lumbar radiculopathy was in fact synonymous with or equated to nerve root compression." (*Id.* at 6–7.) Additionally,

> [e]nclosed with [Plaintiff]'s brief submitted to the ALJ . . . was email correspondence from Dr. Rodriguez clarifying the SLR issue. In his email, Dr. Rodriguez stated that he likely performed both a sitting and supine SLR because Plaintiff was postoperative with continued pain. . . . [and] that he tends to do both a sitting and supine SLR in difficult cases like Plaintiff's.

(*Id.* at 8 (citations omitted).) Based on this additional information submitted at the ALJ's request, Plaintiff argued that "[a]ll of the requirements of Listing 1.04A are clearly identified in the medical evidence of record," and "the ALJ's determination that Plaintiff d[id] not meet, or functionally meet, Listing 1.04A is not supported by substantial evidence." (*Id.*)

Third, Plaintiff argued that "[d]espite opining that Plaintiff suffered from [moderate limitations in concentration, persistence, and pace], the ALJ failed to account for Plaintiff's inability to stay on task in his . . . RFC," in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (*Id.* at 9.) Plaintiff asserted "the ALJ did not include a clear limitation in the RFC," and "the non-exertional limitations outlined in the ALJ's RFC deal exclusively with workplace

4

adaptation and fail to address Plaintiff's issue with concentration, persistence, and pace." (*Id.* at 12.)

Last, Plaintiff argued "[t]he ALJ committed reversible error by failing to weigh the medical opinion of [Dr. Kwock] called to testify at Plaintiff's hearing." (*Id.*) Plaintiff asserts the ALJ "is under an absolute obligation to weigh the medical opinions of record," and "it is clear based upon a review of the hearing decision that the ALJ failed to weigh the opinion of [Dr. Kwock]." (*Id.* at 12–13.)

The Magistrate Judge entered her report on February 2, 2019. (ECF No. 19.) As to whether the ALJ erred by not holding a supplemental hearing, the Magistrate Judge found, "[w]hile the fact that Dr. Kwock had not considered Plaintiff's medical records in accordance with AR 15-1(4) and controlling [Fourth] Circuit precedent was, likely, surprising to everyone, the ALJ was not required to hold another supplemental hearing to address the issue." (*Id.* at 14.) Based on the ALJ's request for additional briefing on nerve root compression and clarification of whether Plaintiff's SLR testing was performed in both sitting and supine positions, the Magistrate Judge found "the ALJ granted Plaintiff an opportunity to address any unanswered questions and mitigate any of Dr. Kwock's potentially harmful testimony." (*Id.* at 14.) Furthermore, the Magistrate Judge notes that Plaintiff did not indicate "what additional clarifying effect a supplemental hearing would have." (*Id.*) Additionally, the Magistrate Judge found that despite Dr. Kwock's testimony, the ALJ conducted his analysis pursuant to AR 15-1(4). (*Id.*) Moreover, the Magistrate Judge "notes that the HALLEX, as an internal guidance document, lacks the force or law," and concludes that "a supplemental hearing in this case would not have aided Plaintiff or the ALJ." (*Id.* at 15.)

Next, as to Listing 1.04A, the Magistrate Judge found that

> [d]espite Plaintiff's contention, none of the offered evidence demonstrates that Plaintiff's radiculopathy resulted from nerve root compression or that her positive

> SLR tests were done in both the sitting and supine positions. Rather, all Plaintiff offers is commentary on "typical" causes of radiculopathy and Dr. Rodriguez's "likely" examination technique. Neither bit of information is persuasive or substantial enough to show that the ALJ erred in determining that Plaintiff did not meet her burden of providing objective medical evidence that she meets all of the listing requirements.

(*Id.* at 18.) Additionally, "although the ALJ concluded that Plaintiff did not meet listing 1.04 in a somewhat perfunctory manner at step three," the Magistrate Judge found "a review of the decision as a whole shows that [the ALJ] thoroughly considered and cited the evidence of record that supported his conclusion." (*Id.* at 19.)

Third, as to the ALJ's RFC determination, the Magistrate Judge first notes that "[t]he ALJ specifically stated that [his] findings [regarding Plaintiff's concentration, persistence, or pace limitations ("CPP")] were not an RFC assessment and that his RFC assessment reflected the degree of limitation he found in the paragraph B mental function analysis." (*Id.* at 25.) Second, the Magistrate Judge observes that in determining Plaintiff's RFC, "the ALJ explicitly considered Plaintiff's testimony . . . regarding the impact of her mental impairments. . . . [and] found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms from all of her medically determinable impairments 'not entirely consistent with the medical evidence and other evidence in the record.'" (*Id.* at 27–28 (citing (Tr. 21.).) The Magistrate Judge went on to find "the ALJ sufficiently explained how Plaintiff's moderate difficulties in [CPP] at step three translated to the limitations included in the RFC assessment, and why additional limitations were not warranted."[3] (*Id.* at 29.)

---

[3] Additionally, the Magistrate Judge noted that "Plaintiff has not pointed to evidence in the record the ALJ failed to consider that would support any further limitations based on her difficulties with concentration, persistence, or pace." (*Id.* at 29–30.)

6

Lastly, as to the ALJ's consideration of medical opinion evidence, the Magistrate Judge found that "contrary to Plaintiff's assertion, a review of the ALJ's decision shows that, while he considered Dr. Kwock's testimony, he also carefully considered Plaintiff's own testimony, her supplemental brief, and her treatment records," and, "Dr. Kwock's opinion is consistent with the ALJ's RFC analysis." (*Id.* at 31.) Moreover, the Magistrate Judge further found that "any inconsistencies between Dr. Kwock's opinion and the ALJ's findings favor Plaintiff." (*Id.*) Accordingly, the Magistrate Judge concluded that "the ALJ's failure to assign specific weight to Dr. Kwock's opinion was harmless error." (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report by February 15, 2019. (*Id.* at 32.) Plaintiff filed an Objection to the Report on February 15, 2019. (ECF No. 20.) Plaintiff argues the Magistrate Judge erred in determining that (1) "the ALJ properly denied Plaintiff's request for a supplemental hearing"; (2) "Plaintiff did not meet Listing 1.04A"; (3) "the ALJ had properly accounted for Plaintiff's time off task in the RFC"; and (4) "the ALJ's failure to weight all medical opinions of record was harmless error." (*Id.* at 1, 2, 3, 7.) On March 1, 2019, the Commissioner filed a Response to Plaintiff's Objection, arguing "Plaintiff's objections reargue the very same issues raised by Plaintiff in her initial and reply briefs" and "should be overruled because [Plaintiff] has not identified any credible legal errors in [the] Magistrate [Judge]'s thorough and well-reasoned Report." (ECF No. 23 at 2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains

with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a de novo review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a Magistrate Judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than

state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a Magistrate Judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *Aldrich*, 327 F. Supp. at 747)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning."); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 11), Plaintiff's Objection (ECF No. 21), and the Report (ECF No. 19). Plaintiff's Objection restates arguments that Plaintiff raised in Plaintiff's Brief and are already addressed by the Report. (*Compare* ECF No. 11 at 4–12, *with* ECF No. 21 at 1–7.) (*See also* ECF No. 19 at 13–30.) As such, a de novo review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to

hear rehashed arguments from Plaintiff, *Orpiano*, 687 F.2d at 47, and finds that the Report effectively addresses Plaintiff's Objection. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Accordingly, the court overrules Plaintiff's objections and agrees that the Commissioner's decision to deny review was supported by substantial evidence. *See Meyer v. Astrue*, 662 F.3d 700, 704–07 (4th Cir. 2011) (holding that the Council is not required to explain its rationale for denying review and that a federal court may affirm an ALJ's decision if it is supported by substantial evidence).

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 21) and the Magistrate Judge's Report (ECF No. 19), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

United States District Judge

March 21, 2018
Columbia, South Carolina